# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DWAINE B. COPELAND,

    Plaintiff,

v.                                                             Case No. 8:10-CV-104-T-30TGW

OFFICER J. R. MORNINGSTAR, et al.,

    Defendants.
_____/

## ORDER

THIS cause comes before the Court on a civil rights complaint initiated by *pro se* Plaintiff, Dwaine B. Copeland, an inmate at Manatee County Jail, pursuant to 42 U.S.C. § 1983 (Dkt. 1).

**BACKGROUND**

Plaintiff asserts in his complaint that in April 2009, he was walking on the sidewalk when Officer Morningstar passed him in a police vehicle. Officer Morningstar stopped his vehicle at the corner of the street, and he exited the vehicle when Plaintiff arrived at the corner. Officer Morningstar walked towards Plaintiff and asked Plaintiff to speak with him. Plaintiff told Officer Morningstar that he did not want to speak to him, and he continued to walk away down the sidewalk. Officer Morningstar followed Plaintiff and continued to try to talk to Plaintiff. Plaintiff continued to refuse to talk to Officer Morningstar. Officer

Morningstar then grabbed Plaintiff, and Plaintiff pulled away from him. Officer Morningstar then attempted to put Plaintiff into a head-lock. Plaintiff evaded Officer Morningstar who then fell to the ground. Officer Morningstar then shot Plaintiff with a tazer gun. Plaintiff lost consciousness, and when he awoke he was handcuffed and his shoes were removed. Officer Morningstar escorted Plaintiff to the hospital and then to jail. Plaintiff was charged with resisting arrest with violence. Plaintiff's complaint alleges that although Officer Morningstar's probable cause affidavit stated that Plaintiff was stopped for jaywalking, Plaintiff was not jaywalking.

**DISCUSSION**

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee. The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A.

Plaintiff alleges that Defendants have violated 42 U.S.C. § 1983. The initial inquiry must, therefore, focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), *overruled on other grounds by, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Burch v. Apalachee Community Mental Health Services, Inc.*, 840 F.2d 797, 800 (11th Cir. 1988), *aff'd by, Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996); *see also Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). Absent these elements, this Court lacks jurisdiction over this claim.

**CLAIMS AGAINST BRADENTON POLICE DEPARTMENT**

Plaintiff names the Bradenton Police Department as a defendant in this action. "[P]olice departments are not usually considered legal entities subject to suit." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Moreover, in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), the United States Supreme Court concluded that "Congress did intend municipalities and other local government units to be included among those persons

to whom § 1983 applies." The Court further specified that "a municipality can be liable under § 1983 only where its policies are the 'moving force' behind the constitutional violation." *Id*. at 694. However, it is well established that municipal liability under § 1983 is limited to those that are caused by the government's policymaking, and the plaintiff must identify a municipal "policy" or "custom" that caused the injury. *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1982). As such, municipal liability under § 1983 may not rely simply on the basis of respondeat superior. *See Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1479 (11th Cir. 1991).

The complaint fails to allege that a policy or custom of the Bradenton Police Department was the moving force behind an alleged constitutional violation. The complaint neither identifies an officially adopted or promulgated municipal policy (or act of an official with final policy-making authority) that caused the alleged constitutional violations. Accordingly, the Plaintiff's claims against the Bradenton Police Department are due to be dismissed.

**LEAVE TO AMEND**

Within thirty (30) days, Plaintiff may submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-

approved form and may not incorporate any part of the original complaint by reference. **An amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint**.

Plaintiff must limit his allegations in his amended complaint to claims related to the same basic incident or issues as raised in his complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is dismissed without prejudice. Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint, submitted on the court form, in compliance with this Order.

2. The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint by a prisoner. This case number

should be written on the form.

      3.     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court shall, without further notice, dismiss this action.

**DONE** and **ORDERED** in Tampa, Florida on January 20, 2010.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*