UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWAINE B. COPELAND,

    Plaintiff,

v.                                                          Case No. 8:10-CV-104-T-30TGW

OFFICER J. R. MORNINGSTAR, et al.,

    Defendants.
_____/

**ORDER**

THIS cause comes before the Court on an amended civil rights complaint filed by *pro se* Plaintiff, Dwaine B. Copeland, an inmate at Manatee County Jail, pursuant to 42 U.S.C. § 1983 (Dkt. 6).[1]

**BACKGROUND**

In his amended complaint, Plaintiff asserts in pertinent part the following: In April 2009, he was walking on the sidewalk. Officer Morningstar passed him in a police vehicle. Officer Morningstar stopped his vehicle and exited it. Officer Morningstar walked towards Plaintiff and told Plaintiff he wanted to speak with him. Plaintiff told Officer Morningstar that he did not want to speak to him, and he continued to walk away down the sidewalk. Officer Morningstar followed Plaintiff and continued to try to talk to Plaintiff. Plaintiff

---

[1]The Court dismissed Plaintiff's original complaint and ordered Plaintiff to file an amended complaint (Dkt. 5).

continued to refuse to talk to Officer Morningstar. Officer Morningstar then grabbed Plaintiff, and Plaintiff pulled away from him. Officer Morningstar then attempted to put Plaintiff into a head-lock. Plaintiff ducked, and Officer Morningstar fell to the ground. Officer Morningstar then shot Plaintiff with a tazer gun. Plaintiff lost consciousness. When he awoke, Plaintiff was handcuffed and lying on the ground. Officer Morningstar picked Plaintiff up off the ground and began to search him. When Officer Morningstar did not find anything illegal on Plaintiff, he took Plaintiff's shoes. Officer Morningstar put Plaintiff in his police vehicle and took him to the Bradenton Police Department. Plaintiff began having chest pains. EMS was called and took Plaintiff to a hospital. Officer Morningstar then took Plaintiff from the hospital to jail. Plaintiff alleges that he was charged with resisting arrest with violence, but the State "declined to file on me in the case." Plaintiff's amended complaint alleges that Officer Morningstar stopped Plaintiff for jaywalking.

Plaintiff complains that Officer Morningstar violated his rights under the Fourth Amendment when Officer Morningstar subjected Plaintiff to an unreasonable search and seizure. He also asserts that Officer Morningstar subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights when he arrested him and tasered him "for a non-criminal infraction." He further asserts that Officer Morningstar's actions violated his rights under Article 1, Section 2 of the Florida Constitution, and his right to privacy under Article 1, Section 23 of the Florida Constitution. Finally, he avers that the Bradenton Police Department's failure to discipline Officer Morningstar for his actions is a violation of due process under the Fourteenth Amendment.

**DISCUSSION**

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee. The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A.

Plaintiff alleges that Defendants have violated 42 U.S.C. § 1983. The initial inquiry must, therefore, focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

3

> *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), *overruled on other grounds by, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Burch v. Apalachee Community Mental Health Services, Inc.*, 840 F.2d 797, 800 (11th Cir. 1988), *aff'd by, Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996); *see also Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). Absent these elements, this Court lacks jurisdiction over this claim.

**CLAIMS AGAINST BRADENTON POLICE DEPARTMENT**

Plaintiff names the Bradenton Police Department as a defendant in this action. In *Williams v. Miami-Dade Police Dep't*, 297 Fed. Appx. 941 (11th Cir. 2008) (unpublished opinion), the Eleventh Circuit Court of Appeals stated in pertinent part:

> "[P]olice departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (internal citations and quotations omitted) (dismissing as a defendant to a § 1983 suit a county sheriff's department in Alabama). Under Florida law, police departments are not legal entities amenable to suit. *Masson v. Miami-Dade County*, 738 So. 2d 431, 432 (Fla. App. 3d 1999) (noting that the MDPD lacks the capacity to be sued under the Miami-Dade County Code § 2-91); *Fla. City Police Dep't. v. Corcoran*, 661 So. 2d 409, 410 (Fla. App. 3d 1995). Because the MDPD does not have the capacity to be sued under Florida law, the district court did not err in dismissing it as a party.

*Id*. at 945. Accordingly, the Bradenton Police Department will be dismissed from this suit. Plaintiff should not name the Bradenton Police Department as a party in his second amended complaint.

4

**CLAIMS AGAINST OFFICER MORNINGSTAR**

First, Plaintiff asserts that Officer Morningstar violated the Eighth Amendment when he arrested and tasered Plaintiff for "jay walking, a noncriminal offence." (Dkt. 6 at pg. 8). Initially, because the use of force occurred in the course of an arrest, the claim arises under the Fourth Amendment, not the Eighth Amendment. "[A]ll claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard. . . ." *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). When filing his second amended complaint, Plaintiff should drop his claims pursuant to the Eighth Amendment.

Second, Plaintiff claims it was cruel and unusual punishment to arrest him for jaywalking. Plaintiff, however, was not arrested for jaywalking, but for resisting arrest.

Third, it is unclear from the amended complaint whether Plaintiff admits or claims that he was cited for jaywalking. If he was jaywalking, Officer Morningstar had probable cause and the authority to stop Plaintiff to issue him a citation. *See Myers v. State*, 426 So. 2d 986, 990 (Fla. 1st DCA 1983) ("[T]here is authority to temporarily detain for the purpose of filling out accident reports and issuing citations."). Further, if Plaintiff was jaywalking, and Plaintiff knew that Officer Morningstar intended to detain him, Officer Morningstar had probable cause to arrest Plaintiff for obstructing an officer when Plaintiff refused to stop and walked away. *See, J.D.H. v. State,* 967 So. 2d 1128, 1130 (Fla. 2d DCA 2007)("[A]n individual is guilty of resisting or obstructing an officer by flight only if he flees while

5

knowing of the officer's intent to detain him *and* if the officer is justified in detaining the individual before he flees.")(emphasis in original). Therefore, in his second amended complaint, Plaintiff must clarify whether he received a citation for jaywalking, and if so the outcome of that citation.

Finally, the Florida Supreme Court has held that a claim for monetary damages cannot be maintained for alleged violations of the Florida Constitution. *See Hill v. Dep't of Corrections*, 513 So.2d 129, 133 (Fla. 1987); *Doss v. Dep't of Corrections*, 889 So.2d 1012, 1012 (Fla. 1st DCA 2004); *Garcia v. Reyes*, 697 So.2d 549, 551 (Fla. 4th DCA 1997)(finding that "there is 'no support for the availability of an action for monetary damages, based on...[a] violation of the right to due process, as guaranteed by the Florida Constitution"). Accordingly, Plaintiff's claims for violations of the Florida Constitution are dismissed.

**LEAVE TO AMEND**

Within fifteen (15) days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. **The second amended complaint supersedes the original and**

**amended complaints, and all claims must be raised in the second amended complaint**.

Plaintiff must limit his allegations in his second amended complaint to claims related to the same basic incident or issues as raised in his amended complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's amended complaint (Dkt. 6) is dismissed without prejudice. Plaintiff has fifteen (15) days from the date of this Order to file a second amended complaint, submitted on the court form, in compliance with this Order.

2. The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint by a prisoner. This case number should be written on the form. The Clerk shall mail the items to Plaintiff at both his address of record, and the mailing address Plaintiff listed on page 6 of his amended complaint.

3. If Plaintiff fails to file a second amended complaint within fifteen (15) days, *this action will be dismissed without further notice*.

**DONE** and **ORDERED** in Tampa, Florida on April 14, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*