**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DWAINE B. COPELAND, *pro se,*

    Plaintiff,

v.                                                       Case No. 8:10-CV-104-T-30TGW

OFFICER J. R. MORNINGSTAR, et al.,

    Defendants.
_____/

## **ORDER**

      This matter is before the Court *sua sponte* upon a review of the case file. On April 14, 2010, the Court entered an Order directing Plaintiff to file a second amended complaint within fifteen (15) days from the date of the order (Dkt. 8). Petitioner was cautioned in the Order that if he did not file a second amended complaint within fifteen (15) days, ***"this action will be dismissed without further notice.***" (Id. at pg. 8) (emphasis in original). The Order was mailed to both Petitioner's address of record and the mailing address he listed on his amended complaint. The Order has not been returned to the Clerk as undeliverable. To date, Plaintiff has not filed a second amended complaint.

      Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute or comply with any order of the court. *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (finding that "[t]he authority of a court to dismiss sua sponte for lack of prosecution

has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)[1] (finding that "[a]lthough [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'").

**ACCORDINGLY**, the Court **ORDERS** that:

1. This action is **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the Court's April 14, 2010 Order. The dismissal is without prejudice to Petitioner filing a new action under a new case number.

2. The **Clerk** shall terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 10, 2010.

                                          JAMES S. MOODY, JR.
                                          UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).